IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEWEL S. GREEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-3006-SMY |
| | ) |
| JAMES B. MCCOMAS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Jewel S. Green filed this *pro se* action alleging violations of her constitutional rights by Defendants James B. McComas, Chris Buhr, Dobbs Tire & Auto, and numerous officers from the Fairview Heights and East St. Louis police departments.[1] Pursuant to its obligation to raise *sua sponte* whether it has subject matter jurisdiction, (*Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008)), the Court has reviewed Green's Complaint in this case (Doc. 6).

In the Complaint, Green alleges that she took her late husband's vehicle to the Dobbs Tire & Auto in Fairview Heights, Illinois for repairs. The store manager, Defendant Chris Buhr, made a fake VIN sticker and swapped Green's vehicle for his vehicle. Green contacted officers at the Fairview Heights Police Department who yelled at her when she tried to make a statement. Lieutenant Washburn with the "Secretary of State Police" sent Green a text message saying that the officers investigated her complaint and determined that there was nothing they could do to assist her. Green also went to the East St. Louis Police Department to file a complaint, but was

---

[1] Defendants McComas, Buhr, and Dobbs filed an answer and affirmative defenses asserting, among other defenses, lack of subject-matter jurisdiction, insufficient service of process, and failure to state a claim (Doc. 20). The remaining defendants have not been served.

yelled at by Lieutenant James Masson and other officers. Green alleges that the Defendant officers are doing everything in their power to protect Dobbs and Buhr and cover up the vehicle theft. She further alleges that the Defendant officers have tried to intimidate her by telling her they could arrest her for making a false report. She seeks compensatory damages in the amount of $25,000 and punitive damages for pain and suffering in the amount of $60,000.

Federal courts are courts of limited jurisdiction. As such, to proceed in federal court, Green must establish that the Court has subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. She has not met this burden on the face of the Complaint.

Green has not established federal question jurisdiction. She alleges a claim under 42 U.S.C. § 1983. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). The "state actor" predicate to § 1983 liability must be satisfied for this claim to proceed against each defendant. Here, Defendants Dobbs and Buhr are not state actors. Thus, Green has no relief available under § 1983 against them. As for the named officers in the Complaint, Green does not allege a cognizable deprivation of a right secured by the Constitution or the laws of the United States. Green asserts that some officers yelled at her and are protecting a car thief by failing to assist her after she filed complaints against Dobbs and Buhr.

Nor has Green alleged diversity jurisdiction. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity." *Big Shoulders Capital LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 571 (7th Cir. 2021) (citation omitted). "This means no

defendant may share the same state citizenship as any plaintiff." Here, on the face of the Complaint, it appears that both Green and the named Defendants are Illinois citizens.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this matter, and is therefore obligated to **DISMISS** Plaintiff's Complaint. All pending hearings are **terminated as MOOT** and the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:** July 18, 2024

**STACI M. YANDLE**
**United States District Judge**